## McCLOSKIE v. CAHOON et al.

No. 2253.   Decided January 2, 1912 (120 Pac. 223).

TRUSTS—ESTABLISHMENT—EVIDENCE.  Evidence in a suit to have it. adjudged that defendants held in trust for plaintiff an undivided interest in certain fire clay claims, located in their names, *held* insufficient to show the parol agreement as to discovery and location, under which this was claimed.

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by John McCloskie against John P. Cahoon and others.

Judgment for defendants.   Plaintiff appeals.

AFFIRMED.

*M. M. Kellogg* and *A. L. Booth* for appellant.

*Van Cott, Allison & Riter* and *J. W. N. Whitecotton* for respondents.

STRAUP, J.
This is an action in equity to have adjudged that the defendant Western Clay Products Company holds in trust

for the plaintiff an undivided one-half interest in certain claims containing deposits of fire clay. In his complaint the plaintiff alleged that on the 6th day of August, 1907, he and the defendant John P. Cahoon entered into an oral agreement by the terms of which it was agreed that Cahoon should furnish the plaintiff with supplies and outfits to explore and discover unlocated claims of such deposits, and that upon such discovery and location the plaintiff and the defendant should have an undivided one-half interest in and to the claims. It was further alleged that the plaintiff discovered such claims and that they were located on the 24th day of September, 1907, by Cahoon in his name and in the names of the defendants Curley, Romney, and Ashton Fire Brick & Tile Company as owners of an undivided one-fourth interest, and that they on the 26th day of November, by a conveyance in writing, conveyed the claims to the defendant Western Clay Products Company, with knowledge "of plaintiff's rights in and to the claims." The location of the claims by Cahoon and his codefendants; and the conveyance of them to the Western Clay Products Company were admitted. The other allegations were denied. Upon a trial and findings by the court a judgment was rendered in favor of defendants. The plaintiff appeals and assails the findings.

This appeal is without merit. The plaintiff by his own evidence failed to even show the alleged contract or understanding, or that he was to have any interest in the claims. The nearest testimony given by him in that regard was that after the claims were located he had a conversation with Cahoon in which the plaintiff said to him, "Do you remember telling me if I found you good clay you would make it right with me?" and that Cahoon replied, "Well, now, we had considerable talk about clay, and I believe I did say that; but I wouldn't positively say I did, or would not say I did not say that," and that another told the plaintiff that Cahoon said, after the location of the claims, that he would see that the plaintiff "was not left out," but that "Cahoon made him no such promise."

The judgment should be affirmed, with costs. It is so ordered.

FRICK, C. J., and McCARTY, J., concur.